## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### NEW HAVEN DIVISION

```
————————————————————————x
                                    :
In re:                              :   CHAPTER 11
                                    :
LONG BROOK STATION, LLC             :   CASE NO.  14-31095 (AMN)
                                    :
          Debtor.                   :
                                    :
————————————————————————x
                                    :
LONG BROOK STATION, LLC             :
                                    :
          Movant,                   :
                                    :
v.                                  :
                                    :
TOWN OF STRATFORD,                  :
STATE TAX COLLECTION AGENCY, LLC    :
MANUEL MOUTINHO, TRUSTEE,           :
IP MEDIA PRODUCTS, LLC,             :
EBAY WANTED, INC.,                  :
ALBINA PIRES, GUS CURCIO, JR., ROBIN :
CUMMINGS, JOSEPH REGENSBURGER,      :
THE ESTATE OF FAYE KISH,            :
RICHARD URBAN AND                   :
DAHILL DONOFRIO                     :
                                    :
          Respondents.              :
————————————————————————x
```

### MOTION TO SELL PROPERTY LOCATED AT
### 3044 MAIN STREET, STRATFORD, CONNECTICUT
### AND FOR AN ORDER SETTING PROCEDURE FOR MAKING
### HIGHER AND BETTER OFFERS AND SUCH OTHER AND FURTHER RELIEF

Long Brook Station, LLC (the "Debtor"), by and through its attorneys Neubert, Pepe &

Monteith, P.C., hereby files this motion to authorize sale of real property free and clear of liens,

claims, and interests. In support of its motion, the Debtor states as follows:

1.      On June 6, 2014 (the "Petition Date"), the Debtor filed for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtor is the owner of the real property commonly known as 3044 Main Street, Stratford, Connecticut, (the "Property").

2.      Prior to the Petition Date, the Property was the subject of a foreclosure judgment issued by the Connecticut Superior Court, Judicial District of Waterbury in favor of Manuel Moutinho, Trustee (the "Trustee").

3.      The Debtor obtained title to the Property with the intent to obtain zoning approval for development of  the Property to maximize its value.  The Property had included an abandoned residence.  In order to maximize the value of the Property and prepare it for future development, the Debtor  demolished the existing structure and paved the Property to make it appropriate for parking.

4.      The Debtor obtained title to the Properties subject to the liens held by (i) the Town of Stratford and the State Tax Collection Agency, LLC for unpaid real estate taxes, (ii) the Trustee for a  mortgage securing a note in the original principal amount of $500,000; (iii) a mortgage in favor of IP Media Products, LLC; (iv) seven mortgages held Ebay Wanted, Inc. as a result of mergers of entities  holding mortgages against the Property into Ebay Wanted, Inc.;(v) a mortgage held by Albina Pires; (vi) a mortgage held by Gus Curcio, Jr.; (vii) a mortgage held by Robin Cummings; (viii) a mortgage held by Joseph Regensburger, (ix) a mortgage held by the Estate of Faye Kish; (x) a mortgage held by Richard Urban and (xi) a mortgage held by Dahill Donofrio.

5.      As of the Petition Date, the Trustee has an alleged secured claim of $647,961.91 ("Trustee Claim").

6.    By order dated February 22, 2017, the Debtor retained DeLibro Realty Group, LLC to market the Property for sale.  Since that date, DeLibro has engaged in a marketing campaign calculated to obtain the best price for the sale of the Property.

7.    On October 27, 2017, the Debtor filed its Tenth Amended Joint Disclosure Statement (the "Disclosure Statement") and Tenth Amended Joint Plan of Reorganization (the "Plan").  The Plan calls for a sale of the Property to fund payments to creditors pursuant to its terms.  The sale contemplated herein is made pursuant to the terms of the Plan and Debtor seeks an order of this Court under §1146 of the Bankruptcy Code that the contemplated sale be free and clear of any and all transfer and conveyance taxes.

8.    After extensive negotiations with interested parties, the Debtor has reached an agreement with Nelson DaSilva and Rafael Marin, or an entity designated by them (the (the "Proposed Purchaser") subject to Court approval and higher and better offers as memorialized in the Agreement of Purchase and Sale dated as of August 31, 2017, as amended and modified by Addendum dated October 3, 2017, a copy of which is attached hereto and made a part hereof of as Exhibit A (the "Agreement").

9.    Pursuant to the terms of the Agreement, the Proposed Purchaser will buy the Property for $825,000 (the "Purchase Price"),  payable by a deposit in the aggregate amount of $82,500 paid at execution of the Agreement (the "Deposit"), which Deposit is being held by Debtor's counsel,  with the balance of the Purchase Price due at Closing.  The balance of the Purchase Price shall be paid as follows: (i) $517,500 cash  at Closing and (ii) a promissory note in the amount of $225,000 (the "Purchase Money Note") made by Proposed Purchaser and payable to the order of Debtor, which note shall bear interest at the rate of ten percent (10%) per annum and shall be due and payable in full on the first anniversary thereof.  The Purchase Money

Note shall be secured by a mortgage covering the Property (the "Purchase Money Mortgage"). The Proposed Purchaser is purchasing the Property "AS IS" and has waived all contingencies to Closing. The Closing shall occur within five (5) days of entry of an order approving the sale.

10.    In order to realize the highest value for the benefit of creditors in this case, it is necessary and appropriate for the Property to be sold and transferred free and clear of liens (other than outstanding real estate tax liens), claims, encumbrances, and other interests, pursuant to 11 U.S.C. §§105(a) and 363(f), with liens (other than outstanding real estate tax liens), claims, encumbrances, and interests against the Property to attach to the sale proceeds with the same validity, priority, and amount ("Free and Clear").

11.    The Debtor is seeking to sell the Property Free and Clear of all liens (other than outstanding real estate tax liens), claims, interests, and encumbrances, including, without limitation:

a.    that Mortgage from Debtor in favor of Manuel Moutinho, Trustee for the Mark IV Construction Co., Inc. Defined Benefit Pension Plan in the principal amount of $500,000 dated and recorded on November 9, 2007 at Volume 3124, Page 15 as assigned to Manuel Moutinho, Trustee for Mark IV Construction Company, Inc. 401(k) Savings Plan;

b.    that Mortgage from Debtor held by IP Media Products, LLC and originally in favor of Landbank Investments, LLC in the principal amount of $300,000 dated and recorded on November 9, 2007 at Volume 3124, Page 21 of the Stratford  Land Records;

c.    that Mortgage from Debtor held by Ebay Wanted, Inc. and originally in favor of Rio, Inc. in the principal amount of $5,000 dated  February 1,

4

2009 and recorded on October 28, 2009 at volume 3330, Page 28 of the

Stratford Land Records;

d.       that Mortgage from Debtor held by Ebay Wanted, Inc., and originally in

favor of Oronoque 15, LLC  in the principal amount of  $5,000 dated

February 1, 2009 and recorded on October 28, 2009 at Volume 3330, Page

43 of the Stratford Land Records;

e.       that Mortgage from Debtor in favor of  Albina Pires in the principal

amount of $1,500 dated July 6, 2010 and recorded on September 20, 2010

at volume 3411, Page 175 of the Stratford Land Records;

f.       that Mortgage from Debtor in favor of  Gus Curcio, Jr. in the principal

amount of $1,000 dated July 6, 2010 and recorded on November 22, 2010

at volume 3429, Page 154 of the Stratford Land Records;

g.       that Mortgage from Debtor in favor of Robin Cummings in the principal

amount of $800 dated September, 2010 and recorded on November 30,

2010 at Volume 3431, Page 311 of the Stratford Land Records;

h.       that Mortgage from Debtor in favor of Joseph Regensburger in the

principal amount of  $5,000 dated June 29, 2010 and recorded on January

19, 2011 at Volume 3449, Page 246 of the Stratford Land Records;

i.       that Mortgage held by Ebay Wanted, Inc. and originally in favor of Cell

Phone Club, Inc. in the principal amount of $1,000 dated September, 2010

and recorded on April 7, 2011 at Volume 3468, Page 170;

j.       that Mortgage held by Ebay Wanted, Inc. and originally in favor of Out

Law Boxing Kats, Inc. in the principal amount of $1,000 dated September,

2010 and recorded on April 7, 2011 at Volume 3468, Page 174 of the Stratford Land Records;

k.      that Mortgage held by Ebay Wanted, Inc. and originally in favor of Millionair Club, Inc. in the principal amount of $1,000 dated September, 2010 and recorded on April 7, 2011 at Volume 3468, Page 178 of the Stratford Land Records;

l.      that Mortgage held by Ebay Wanted, Inc. and originally in favor of City Streets, Inc. in the principal amount of $1,000 dated September, 2010 and recorded on April 7, 2011 at Volume 3468, Page 287 of the Stratford land Records;

m.      that Mortgage in favor of the Estate of Faye Kish in the original principal amount of $500 dated September 2010 and recorded on April 13, 2011 at Volume 3469, Page 315 of the Stratford Land Records;

n.      that Mortgage in favor of Richard Urban in the principal amount of $1,200 dated September 1, 2010 and recorded on April 13, 2011 at Volume 3469, Page 332 of the Stratford Land Records; and

o.      that Mortgage in favor of Dahill Donofrio in the principal amount of $2,000 dated July 6, 2010 and recorded on April 13, 2011 at Volume 3469, Page 334 of the Stratford Land Records.

12.     The Debtor further requests authority for its closing counsel to make disbursements at the closing from the proceeds of sale, in accordance with the usual and ordinary real estate closing practices and as required by the Agreement, and to pay all outstanding tax lien

claims due to the Town of Stratford and State Tax Collection Agency, LLC from the closing proceeds.

13.    The Debtor seeks waiver of the stay imposed by Section 6004(h) of the Bankruptcy Rules to allow the closing on the sale to occur within fourteen (14) days of approval of this motion.

14.    The Debtor represents that the proposed sale of the Property is in the best interests of the bankruptcy estate and its creditors.

15.    The Debtor  submits that a sale of the Property to the Proposed Purchaser will provide fair and reasonable consideration to the estate.  The Debtor also submits that the Proposed Purchaser's offer to purchase the property is the result of arm's length, good faith negotiations between the Debtor, its counsel and the Proposed Purchaser.  Moreover, the sale is subject to higher and better offers, thereby ensuring that the Debtor will receive the highest and best value for the Property.  Accordingly, (i) the consideration to be paid for the Property will be both fair and reasonable and should be entitled to all of the protections of Bankruptcy Code § 363(n), and (ii) the Proposed Purchaser should be entitled to the protection of Bankruptcy Code § 363(m) as a good faith purchaser of the Property.

16.    The Debtor intends to serve this motion on (i) the Office of the United States Trustee; (ii) all secured creditors; (iii) all entities known to have expressed an interest in a transaction with respect to the Property in the past twelve (12) months; (iv) all federal, state and local regulatory or taxing authorities or recording offices which have a known interest in the relief requested by the motion; and (v) all other entities that have filed requests for notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, under all of the circumstances, such notice is reasonable and appropriate pursuant to Bankruptcy Rule 2002(i).

17.    Based upon the foregoing, the sale of the Property free and clear of liens, claims, encumbrances, and interests should be approved under Bankruptcy Code §§ 363(b) and (f).

**18.    <u>Higher and Better Offers</u>.  Any person wishing to make a better and higher offer subject to the conditions set forth herein ("Prospective Bidder") must submit an intent to bid ("Intent to Bid") to the Debtor's undersigned counsel,  and a deposit, as described in paragraph 19 below, no later than 4:00 p.m. two (2) business days prior to the hearing on the approval of the proposed sale.  In the event that any Prospective Bidder gives notice of an Intent to Bid, the Debtor  shall hold an auction ("Auction") at the offices of its counsel, Neubert, Pepe &  Monteith, P.C., 195 Church Street,  New Haven, Connecticut 06510,  9:30 a.m. on the date of the hearing on this motion.**

19.    In order to qualify as a Prospective Bidder and bid at the Auction, said Prospective Bidder must submit a deposit of at least $82,500 ("Initial Deposit") in good funds, *e.g.* cashier or bank check, with its Intent to Bid no later than 4:00 p.m. two (2) business days prior to the hearing on the approval of the proposed sale.  A Prospective Bidder's deposit shall be supplemented by the Prospective Bidder to equal ten percent (10%) of its bid within two business days of the Prospective Bidder having been determined to have submitted the highest and best offer at the Auction.  Failure of the Prospective Bidder to timely supplement the deposit shall render the Prospective Bidder in default and the Initial Deposit shall be deemed non-refundable.

20.    Unless otherwise ordered, bidding will be permitted and will continue bidder-by-bidder in increments of $10,000.00.  Bidding at the Auction will continue until such time as the highest and best offer is determined.  The Debtor may announce at the Auction additional

procedural rules that are reasonable under the circumstances (*e.g.* the amount of time allotted to make subsequent overbids).

21.     The Debtor reserves the right to reject bids, which, in its opinion, are insufficient and do not conform to the terms of the sale set forth above.

22.     In the event no Intents to Bid are filed or served on the Debtor's  counsel, the Debtor will proceed with the sale of the Property to the Proposed Purchaser upon the terms set forth in the Agreement.

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing the sale of the Property upon the terms and conditions set forth herein, and grant such other and further relief as the court may deem appropriate in the circumstances.

Dated: October 27, 2017                                  THE DEBTOR,
         New Haven, Connecticut                          LONG BROOK STATION, LLC


                                                         By:    /s/Douglas S. Skalka
                                                            Douglas S. Skalka (ct00616)
                                                            NEUBERT, PEPE & MONTEITH, P.C.
                                                            195 Church Street
                                                            New Haven, CT  06510
                                                            Tel. (203) 821-2000
                                                            dskalka@npmlaw.com

# EXHIBIT

# A

# AGREEMENT OF PURCHASE & SALE

**AGREEMENT**, made as of this ___3rd___ day of ~~July~~ October, 2017, by and between **LONG BROOK**

**STATION LLC** a Connecticut limited liability company with a place of business in Milford,

Connecticut (hereinafter the " Seller") and **Nelson DaSilva** of _____, CT, and **Rafael**

**Marin** of ___27 Hoyt Rd,___ Bethel, CT, or an entity to be designated by them (hereinafter jointly, the

"Buyer").

    **WITNESSETH**, that the Seller agrees to convey and the Buyer agrees to purchase

certain real property, and any improvements located thereon, known as 3044 Main Street, Stratford,

CT (hereinafter "the Property")., and which is more fully bounded and described in Schedule A,

attached hereto, according to the terms and provisions set forth:

1.     **PURCHASE PRICE.** The full purchase price, subject to adjustments as provided in

    Paragraph 4 hereinafter, is:

EIGHT HUNDRED TWENTY-FIVE THOUSAND AND NO/100 ($825,000.00)

DOLLARS, payable as follows:

| | | |
|---|---|---|
| (I.) | By Binder Deposit paid | $ -0- |
| (ii.) | By deposit paid upon execution of this Contract by the Buyer and Seller and the Court approval provided for in Paragraph 19 hereinafter | $ 82 ,500.00 |
| (II.) | By certified or bank check, drawn on a Connecticut bank, to be delivered at time of closing | 742,500.00 |
| | | $825,000.00 |

2.     **DEED**. Possession of the premises, is to be given by the Seller to the Buyer upon delivery of the deed of conveyance as hereinafter provided.  The deed shall be by Warranty Deed duly executed and acknowledged, containing full covenants and in the usual form according to Connecticut practice, conveying to the Buyer, good marketable title in and to the aforesaid premises free of all encumbrances except as hereinafter stated:

A)     Any and all provisions of any ordinance, municipal regulation, public or private law;

B)     Such facts as an accurate survey and/or inspection of said premises might reveal;

C)     The unpaid balance, not overdue, of any existing sewer liens or assessment or pending assessments for which a lien or liens have not as yet been filed;

D)     Real estate taxes not delinquent on the then current list year,

E)     Common law rights of upper and lower riparian owners in and to any natural watercourse flowing through or adjoining the premises, if any, and statutory rights of others in and to any such watercourse.

F)     Provisions of inland wetlands laws and regulations.

G)     All restrictions, easements and covenants as of record appear, provided that title is not hereby rendered unmarketable.

3.     **DEFECTS IN TITLE**.  As part of its due diligence the Buyer shall have title searches performed on the property within thirty (30) days of the execution of this contract. The Buyer shall deliver copies of said title searches to the Seller upon receipt of the same. The Buyer shall further deliver notice to the Seller, in writing, within thirty (30) days of the execution of this Contract, of the existence of any defect affecting the title to the premises.  The Seller shall

2

promptly, and in good faith, seek to cure the same and shall have a period not exceeding sixty (60) days within which to perfect title.  Unpaid mortgages, which would be paid at the closing, do not constitute a title defect.  If the Seller shall be unable to cure said title defect within said period, the Buyer shall, within ten (10) days thereafter, have the option of either accepting such title as the Seller can convey, or may cancel the transaction upon the ground of such defect, upon which all sums advanced hereunder shall be returned to the Buyer, without interest thereon, and upon receipt of such payment, this Agreement shall terminate and each party hereto shall be forever released and discharged of all further claims and obligations hereunder.

Upon the expiration of said thirty (30) day due diligence period, if the Buyer has not delivered notice of said defects as aforesaid, the Seller shall be deemed to have accepted the state of the title of the property, subject only to any defects which may arise subsequent to the expiration of said due diligence period and prior to the closing.

4.    **ADJUSTMENTS.**    At time of closing, real estate taxes, fire district taxes, rents, sewer service, water, or other municipal liens or assessments, if any, are to be adjusted and apportioned between Buyer and Seller in accordance with the standard of practice assumed by the Bar Association in the locale.

5.    **CONVEYANCE TAXES.**    In addition to the aforementioned deed the Seller shall at time of closing deliver to the Buyer the necessary amount for the local and Connecticut real estate conveyance taxes.

6.    **ZONING APPROVAL EXTENSION CONTINGENCY.**

The Seller represents that the Seller has received all necessary zoning approval to construct a 39 unit apartment building, consisting of twelve two-bedroom units and twenty-seven

3

one-bedroom units. Four units must be designated as affordable as defined under the relevant Connecticut statutes regarding affordable housing.

This purchase is contingent upon and subject to the Seller obtaining an extension of the current approvals for a term of at least ~~twelve~~ EIGHTEEN (18) months beyond the current approval expiration date. Current approval expiration date is March, 2018.

7.    **MORTGAGE AND PROPERTY SALE CONTINGENCIES**

There is no mortgage contingency. However, the Buyers' represent that the funds for the purchase of the property shall be obtained from the sale of other properties and the Buyers' obligations hereunder are subject to the Buyers closing of the sale of a property, to wit:

~~(a) 26 Everwoods Drive, New Milford, CT; sale price $580,000.00 with an expected closing date of July 28, 2017.~~

(a) 5 Hardwood Circle, New Milford, CT; sale price $480,000.00, with an expected closing date of approximately NOVEMBER 1, 2017.

(b) The Buyers must provide copies of an executed contract for the sale of the above property together with the Buyers' delivery of the signed Agreement of Purchase and Sale.

8.    **LIQUIDATED DAMAGES.**    In the event the Buyer fails in the performance of any of the material terms hereof after all contingencies have been met, it is agreed that the Seller's damages would be impossible to determine with exactness, but that said damages would be at least equal to the deposit made hereunder and the Seller may retain said deposit as liquidated damages.

9.    **REAL ESTATE BROKERS.**    The parties represent unto each other that Robert Delibero of Delibero Realty Group is entitled to claim a commission for this transaction.

4

The Buyer agrees to hold the Seller harmless from any claims made by any other real estate brokers concerning commissions for the sale of this premises including the reasonable cost of defending any such claims.

10.    **CLOSING.**    The closing shall take place in the law office of Neubert, Pepe & Monteith, P.C., 195 Church Street, New Haven, Connecticut, or at such other place as may be subsequently agreed upon by the parties, upon the satisfaction of all contingencies provided for herein, which closing shall take place within fourteen (14) days after of the satisfaction of the following contingencies:

(a)    The Seller obtaining the extension provided for in paragraph 6 hereinabove;

(b)    The Buyers having sold the properties as provided in paragraph 7 hereinabove;

(c)    The Seller having obtained the Court approval as provided in Paragraph 19 hereinafter.

11.    **BINDING AGREEMENT.**    This agreement shall be binding upon the heirs, legal representatives, successors and assigns of the parties hereto.

12.    **BUYER'S LIEN.**    All sums paid on account of this agreement and the reasonable fees for the examination of the title to said premises are hereby made liens thereon, but such liens shall not continue after default by the Buyer under the terms of this agreement.

13.    **ACCEPTANCE OF DEED.**    The delivery and acceptance of the deed herein described shall be deemed to constitute full compliance with all the terms, conditions, covenants and representations contained herein, or connected with this transaction except as may expressly survive the closing of title.

14.    **CONDITION OF PROPERTY/INSPECTION.** Buyer agrees that it is

5

purchasing the property in "**AS IS**" condition and that it has inspected the Premises and is fully

satisfied with the physical condition thereof, and that neither the Seller nor any representative of

the Seller have made any representation or promise upon which the Buyers have relied covering

the condition of any property covered by this sale, including the presence of any underground oil

tanks or other adverse environmental condition or the presence of toxic or hazardous wastes,

except as expressly set forth herein. The Buyers acknowledge that the Seller has given the Buyers

the opportunity to investigate, examine and inspect the Premises. ✱

15.    **RELEASE OF LIENS**. Notwithstanding anything to the contrary contained in

this Agreement or any rider attached hereto, in the event the Seller after due diligence cannot

obtain a release for any existing mortgage on the Premises at the time of the closing of title from

the lending institution holding said mortgage, or any assignee thereof, either because said lending

institution will not release the mortgage without first receiving payment or because the lending

institution has delayed in sending the Seller's Attorney the release of mortgage, then the

Purchaser agrees to close title notwithstanding the absence of the release of mortgage, provided

the attorney for the Seller furnishes the attorney for the Purchaser, at the closing, with a payoff

amount, a copy of payoff letter from the mortgage holder and a copy of the payoff check

evidencing that payment of the unreleased mortgage is to be made in full at the time of the

closing, and with an undertaking to make said payment, and further provided the Purchaser's

title insurance company will issue a fee policy at no additional premium which takes no

exception for said mortgage or mortgages.  Seller shall exercise due diligence to obtain any such

release or releases and will upon receipt thereof immediately record the same and forward a copy

or copies thereof to the Purchaser's attorney with recording information.  If the Seller has not

6    ✱ BUYER, AT BUYER EXPENSE, UPON GIVING SELLER REASONABLE
NOTICE, SHALL HAVE PERMISSION TO ENTER UPON PROPERTY
FOR PURPOSES OF CONDUCTING SITE INSPECTION AND TESTING.

obtained such release within sixty (60) days after closing, the Seller shall give to the Purchaser's

attorney the affidavit provided for in Connecticut General Statutes Section 49-8(a), as amended

together with the necessary recording fee.  This provision shall survive the closing.

    16.   **HEADINGS.**     The headings of the paragraphs of this contract are for reference

and  identification  purposes  only  and  are  not  intended  to  limit  or  modify  the  paragraphs

themselves and the language therein.

    17.   **NOTICES.**     Wherever it is provided herein that either party shall give the other

party notice or other writing, such notice by either party to the other shall be given by mail, hand-

delivered, overnight carrier or by email  transmission as stated below:

**IF TO SELLER:**

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street
New Haven, CT  06510
(203) 821-2000
dskalka@npmlaw.com


**IF TO BUYER:**

Doug Lewis, Esq.
Evans & Lewis
93 Greenwood Avenue #1
Bethel, CT 06801
(203) 743-7644
lewisdouglas74@yahoo.com


    18.   **INTERPRETATION OF TERMS**.  In all references herein to any parties,
persons, entities or corporations the use of any particular gender or the plural or singular number
is intended to include the appropriate gender or number as the text of the within instrument may
require clarification.

7

19.   **BANKRUPTCY COURT APPROVAL.**  This Contract is subject to approval by the United States Bankruptcy Court.  The Seller is a Debtor-in Possession and cannot sell the property unless and until the Seller has received approval from the United States Bankruptcy Court.  The Seller agrees to make timely application for such approval and to pursue the same with diligence.

**IN THE PRESENCE OF:**

 

**BUYER:**

_____

_____
NELSON DaSILVA

**BUYER:**

_____

_____
RAFAEL MARIN

**SELLER:**
**LONG BROOK STATION, LLC**

_____

BY: _____
JOSEPH REGENSBURGER, MEMBER

_____

8

## ADDENDUM TO CONTRACT

That certain Contract  dated August 31, 2017 by and between **LONG BROOK STATION LLC** and **Nelson DaSilva** and **Rafael Marin** for the purchase and sale of 3044 main Street, Stratford, Connecticut is amended and modified as follows:

1. The Buyer hereby waives the contingency for the sale of 5 Hardwood Circle, New Milford, CT as  referenced in paragraph 7 of the Contract.

2. The Buyer acknowledges that the Seller has satisfied the extension contingency referenced in Paragraph 6 of the Contract,

3. If the Buyer has insufficient funds to close the purchase after the Seller obtains bankruptcy court approval as referenced in Paragraph 19 of the Contract, the Buyer shall proceed to closing within five (5) days of said court approval and the Seller shall hold a purchase money first mortgage in the maximum amount of $225,000.00.  The mortgage shall accrue interest at the per annum rate of ten (10%) percent and shall be due and payable ~~on or before January 15, 2018.~~ *ONE YEAR FROM THE DATE OF CLOSING.*

Except as specifically modified or amended herein, the Contract shall remain in full force and effect.

Dated this 3rd day of ~~September~~ *OCTOBER*, 2017.

BUYER:

NELSON DaSILVA

BUYER:

RAFAEL MARIN

SELLER:
LONG BROOK STATION, LLC

BY:

JOSEPH REGENSBURGER, MEMBER

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

————————————————————————x
                                              :
In re:                                        :    CHAPTER 11
                                              :
LONG BROOK STATION, LLC                       :    CASE NO.  14-31095 (AMN)
                                              :
                Debtor.                       :
                                              :
————————————————————————x
                                              :
LONG BROOK STATION, LLC                       :
                                              :
                Movant,                       :
                                              :
v.                                            :
                                              :
TOWN OF STRATFORD,                            :
STATE TAX COLLECTION AGENCY, LLC              :
MANUEL MOUTINHO, TRUSTEE,                     :
IP MEDIA PRODUCTS, LLC,                       :
EBAY WANTED, INC.,                            :
ALBINA PIRES, GUS CURCIO, JR., ROBIN          :
CUMMINGS, JOSEPH REGENSBURGER,                :
THE ESTATE OF FAYE KISH,                      :
RICHARD URBAN AND                             :
DAHILL DONOFRIO                               :
                                              :
                Respondents.                  :
————————————————————————x

**ORDER APPROVING SALE OF REAL PROPERTY LOCATED AT**
**3044 MAIN STREET, STRATFORD, CONNECTICUT, FREE AND CLEAR**
**OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

Whereas, after notice and a hearing held on _____ (the "Hearing") on the Debtor's

Motion to Sell Real Property known as 3044 Main Street, Stratford,  Connecticut, Free and Clear

of Liens, Claims, Encumbrances, and Interests dated October 27, 2017 (the "Sale Motion")[1], and

this Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §

---

[1] Capitalized terms used in this order but not defined herein shall have the meaning ascribed to such term in the Sale Motion.

1334; (b) notice of the Sale Motion and the Hearing was sufficient under the circumstances; and

(c) the Court having determined that the legal and factual basis set forth in the Sale Motion and

at the Hearing established just cause for the relief herein granted;

THE COURT HEREBY FINDS AND CONCLUDES THAT:

A.      The sale of property known as 3044 Main Street, Stratford, Connecticut  (the

"Property"), under the terms set forth in the Sale Motion is in the best interest of the Debtor and

the Debtor's estate;

B.      The Debtor is authorized, pursuant to §§ 363(b) and 363(f) of the United States

Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rules 2002(a)(2) and

6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to sell the Property

to Nelson DaSilva and Rafael Marin, or an entity designated by them (the "Purchaser"), for a

purchase price of $825,000, payable: (i) $600,000 cash at Closing and (ii) $225,000 promissory

note (the "Purchase Money Note") secured by a first mortgage covering the Property (the

"Purchase Money Mortgage")  as set forth in the Sale Motion;

C.      Sound business reasons exist for the Debtor to sell the Property to the Purchaser;

D.      The sale of the Property is in the best interest of the Debtor, its estate, and

creditors.  The terms of the proposed sale represent the highest and best offer for the Property,

and the purchase price payable thereunder is fair and reasonable;

E.      The proposed sale was negotiated between the Debtor and the Purchaser in good

faith, without collusion, and from arm's length bargaining positions.  The Purchaser is not

related to or affiliated with the Debtor, and is a buyer in good faith of the Property under §

363(m) of the Bankruptcy Code, and as such, is entitled to the protections afforded thereby, as of

this date.  If the Debtor  consummates the sale of the Property, the reversal or modification on

appeal of this Order shall not affect the validity of the proposed sale of the Property or the right,

title, and interest purportedly conveyed to the Purchaser in connection with such sale;

It is hereby ORDERED AS FOLLOWS:

1.   That at the closing, the Property shall be sold, conveyed, assigned, transferred,

and delivered to the Purchaser free and clear of all liens (other than any real estate tax liens),

mortgages, pledges, security interests, restrictions, prior assignments, liabilities, obligations,

encumbrances, charges, claims, and interests of any and every kind, nature, and description

whatsoever, including, without limitation, claims arising out of pending litigation, and the

liens of any person or entity and all creditors of the Debtor on the Property (other than real

estate tax liens or unpaid real estate taxes), pursuant to §363(b) and (f) of the Bankruptcy

Code, including, without limitation:

(i)      that Mortgage from Debtor in favor of Manuel Moutinho, Trustee for the

Mark IV Construction Co., Inc. Defined Benefit Pension Plan in the

principal amount of $500,000 dated and recorded on November 9, 2007 at

Volume 3124, Page 15 as assigned to Manuel Moutinho, Trustee for Mark

IV Construction Company, Inc. 401(k) Savings Plan;

(ii)     that Mortgage from Debtor held by IP Media Products, LLC and originally

in favor of Landbank Investments, LLC in the principal amount of

$300,000 dated and recorded on November 9, 2007 at Volume 3124, Page

21 of the Stratford   Land Records;

(iii)    that Mortgage from Debtor held by Ebay Wanted, Inc. and originally in

favor of Rio, Inc. in the principal amount of $5,000 dated   February 1,

2009 and recorded on October 28, 2009 at volume 3330, Page 28 of the Stratford Land Records;

(iv)   that Mortgage from Debtor held by Ebay Wanted, Inc., and originally in favor of Oronoque 15, LLC  in the principal amount of  $5,000 dated February 1, 2009 and recorded on October 28, 2009 at Volume 3330, Page 43 of the Stratford Land Records;

(v)   that Mortgage from Debtor in favor of  Albina Pires in the principal amount of $1,500 dated July 6, 2010 and recorded on September 20, 2010 at volume 3411, Page 175 of the Stratford Land Records;

(vi)   that Mortgage from Debtor in favor of  Gus Curcio, Jr. in the principal amount of $1,000 dated July 6, 2010 and recorded on November 22, 2010 at volume 3429, Page 154 of the Stratford Land Records;

(vii)   that Mortgage from Debtor in favor of Robin Cummings in the principal amount of $800 dated September, 2010 and recorded on November 30, 2010 at Volume 3431, Page 311 of the Stratford Land Records;

(viii)   that Mortgage from Debtor in favor of Joseph Regensburger in the principal amount of  $5,000 dated June 29, 2010 and recorded on January 19, 2011 at Volume 3449, Page 246 of the Stratford Land Records;

(ix)   that Mortgage held by Ebay Wanted, Inc. and originally in favor of Cell Phone Club, Inc. in the principal amount of $1,000 dated September, 2010 and recorded on April 7, 2011 at Volume 3468, Page 170;

(x)   that Mortgage held by Ebay Wanted, Inc. and originally in favor of Out Law Boxing Kats, Inc. in the principal amount of $1,000 dated September,

2010 and recorded on April 7, 2011 at Volume 3468, Page 174 of the Stratford Land Records;

(xi)    that Mortgage held by Ebay Wanted, Inc. and originally in favor of Millionair Club, Inc. in the principal amount of $1,000 dated September, 2010 and recorded on April 7, 2011 at Volume 3468, Page 178 of the Stratford Land Records;

(xii)    that Mortgage held by Ebay Wanted, Inc. and originally in favor of City Streets, Inc. in the principal amount of $1,000 dated September, 2010 and recorded on April 7, 2011 at Volume 3468, Page 287 of the Stratford land Records;

(xiii)    that Mortgage in favor of the Estate of Faye Kish in the original principal amount of $500 dated September 2010 and recorded on April 13, 2011 at Volume 3469, Page 315 of the Stratford land Records;

(xiv)    that Mortgage in favor of Richard Urban in the principal amount of $1,200 dated September 1, 2010 and recorded on April 13, 2011 at Volume 3469, Page 332 of the Stratford Land Records; and

(xv)    that Mortgage in favor of Dahill Donofrio in the principal amount of $2,000 dated July 6, 2010 and recorded on April 13, 2011 at Volume 3469, Page 334 of the Stratford Land Records. .

2.    That the Debtor is hereby authorized and directed to execute and deliver a deed, the Asset Purchase Agreement (the "Agreement") and any and all additional documents and papers and to take such other actions as may be reasonably necessary or appropriate to perform the estate's obligations under this Order, including the payment of outstanding real estate taxes

5

or real estate tax liens held by the Town of Stratford and State Tax Collection Agency, LLC; provided, however, that such additional or supplemental agreements and actions do not materially alter the terms of the transaction contemplated by the Agreement, Sale Motion and this Order.

3.      That the terms of the Agreement are approved and the Debtor  is hereby authorized to take such action as may be necessary to implement the provisions of the Agreement and to execute and file any necessary documents and papers with any appropriate governmental official or department, and this Order shall constitute all approvals and consents required by the laws of any state necessary to file, record, and accept such documents and papers to give effect thereto.

4.      That the failure specifically to include in this Order any particular provisions of the Agreement relating to the sale proposed in the Sale Motion shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the sale as approved herein, and any purchase agreement relating thereto, be approved in its entirety unless otherwise ordered by this Court.

5.      That this Order shall serve as notice that each and every federal, state, and local governmental agency or department or official thereof may accept any and all documents, instruments, and papers necessary and appropriate to consummate the transactions contemplated by the Agreement.

6.      That this Court hereafter shall and does retain jurisdiction (a) to enforce and implement the terms and provisions of the sale approved by this Order and the Agreement related thereto, and any other documents executed in connection therewith, (b) to compel delivery of the Property to the Purchaser, (c) to compel delivery and payment of the

consideration and any other amount due or owing to the estate pursuant to the terms of the Agreement relating thereto to the extent by, and in accordance with, the terms thereof, (d) to resolve any disputes, controversies, or claims arising out of, or relating to, the sale of the Property, and (e) to interpret, implement, and enforce the provisions of this Order.

7.      That the Debtor's execution and delivery of the Agreement and the performance of the estate's obligations thereunder and the conveyances made pursuant thereto shall be, and hereby are, approved.

8.      That this Order shall govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, record, file, or register any instrument, document or paper, or report including, but not limited to, a certified copy of this Order, or insure any title or state of title in or to the Property.

9.      That the sale of the property is authorized by this order (a) shall be a legal, valid, and effective transfer of the Property to the Purchaser, and (b) shall vest the Purchaser with all right, title, and interest that Seller has in and to the Property free and clear of all liens, claims, interests, and encumbrances under § 363(b) and (f) of the Bankruptcy Code.

10.     That all persons and entities holding liens of any kind and nature with respect to the Property or against the Debtor or the Debtor's estate hereby are permanently enjoined and barred from asserting such liens and claims of any kind and nature against the Property or the Purchaser and its successors and assigns.

11.     That no person or entity, including without limitation, any federal, state, or local governmental agency, department, or instrumentality, shall assert against the Purchaser or its successors in interest any liability, debt, or obligation relating to or arising from the Property or the Debtor's operation, use, or ownership of the Property, prior to the date of the closing on the sale of the Property to the Purchaser.

12.     That the Purchaser shall be and is entitled to the full protection of § 363(m) of the Bankruptcy Code as of this date with respect to the transaction contemplated hereby in the event that all or part of this Order is reversed, modified, or vacated on appeal or otherwise.

13.     That the consideration provided by the Purchaser for the Property under the Agreement is fair and reasonable,  and the sale of the Property may not be avoided under § 363(n) of the Bankruptcy Code.

14.     That the sale contemplated hereunder is pursuant to Debtor's Tenth Amended Plan of Reorganization and is, thus, exempt from taxation under §1146 of the Bankruptcy Code and is sold  free and clear of any and all transfer and conveyance taxes.

15.     The Debtor seeks waiver of the stay imposed by Section 6004(h) of the Bankruptcy Code to allow the closing on the sale to occur within fourteen (14) days of approval of this motion.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| ————————————————x | : | |
| In re: | : | CHAPTER 11 |
| | : | |
| LONG BROOK STATION, LLC | : | CASE NO.  14-31095 (AMN) |
| | : | |
| Debtor. | : | |
| ————————————————x | : | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on October 27, 2017, the foregoing document was electronically filed.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

Dated: October 27, 2017          THE DEBTOR,
       New Haven, Connecticut          LONG BROOK STATION, LLC


By:    /s/Douglas S. Skalka
       Douglas S. Skalka (ct00616)
       NEUBERT, PEPE & MONTEITH, P.C.
       195 Church Street
       New Haven, CT  06510
       (203) 821-2000
       dskalka@npmlaw.com

## SERVICE LIST

**Electronic Mail Notice List**

- Jeffrey Hellman    jeff@jeffhellmanlaw.com, christen@jeffhellmanlaw.com
- Bruce D. Jackson    bdj@jlgct.com, jlh@jlgct.com
- James M. Nugent    jmn@quidproquo.com, talba@harlowadamsfriedman.com
- Sean Robert Plumb    srp@jlgct.com, jlh@jlgct.com
- U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV
- James R. Winkel    jrw@quidproquo.com, talba@haflaw.com

**Manual Notice List**

Steven E. Mackey
Office of the U.S. Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

DeLibro Realty Group, LLC
Attn: President or Gen Mgr.
1504 Barnum Avenue
Bridgeport, CT  06610

I P Media Products, LLC
Attn: President or Gen Mgr.
128 Juniper Drive
Milford, CT 06460

Knott, Knott and Dunn
Attn: Barry Knott, Esq.
1656 Main Street
Stratford, CT 06615